UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS JIMENEZ,

                              Movant,

            -against-

UNITED STATES OF AMERICA,

                              Respondent.

7:20-CV-5973 (CS)

7:10-CR-0392 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

Movant, currently incarcerated in the United States Penitentiary Terre Haute in Terre Haute, Indiana, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Jimenez*, No. 7:10-CR-0392 (CS) (S.D.N.Y. June 19, 2013). For the following reasons, the Court directs Movant to file a declaration within sixty days of the date of this order showing cause why the motion should not be denied as time-barred.

## BACKGROUND

Movant Thomas Jimenez[1] pleaded guilty in in *United States v. Jimenez*, No. 7:10-CR-0392 (CS) (S.D.N.Y.) to three counts (conspiracy to distribute and possess with intent to distribute narcotics, 21 U.S.C. § 846; a racketeering conspiracy, 18 U.S.C. § 1862(d); and possession of a firearm during and in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i)). The Court sentenced him to two concurrent terms of 120 months' incarceration and a consecutive term of 60 months' incarceration. Judgment was entered on June 19, 2013, and Movant did not appeal.

---

[1] In the criminal proceedings, Movant's name appears as Tomas Jimenez rather than Thomas Jimenez.

Movant filed a § 2255 motion challenging this 2013 conviction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Jimenez v. United States*, No. 7:16-CV-4995 (CS) (S.D.N.Y. Aug. 23, 2016). That § 2255 motion was dismissed without prejudice for failure to comply with the Court's order directing him to sign the motion, and because "in any event," it was without merit because he was convicted of a drug trafficking offense, not a crime of violence.

On July 16, 2020, Movant gave to prison officials for mailing this § 2255 motion challenging his 2013 conviction. Movant contends that he had instructed his counsel to appeal the judgment of conviction but that she failed to do so and informed him that he could not appeal. (ECF 2 at 3). Movant contends that trial counsel was ineffective and his guilty plea was not knowing and voluntary. He seeks to reinstate his appeal rights and vacate his conviction.[2]

## DISCUSSION

Movant's application may be time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates, including the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Movant's judgment of conviction became final on or about July 5, 2013, when the 14-day period to file a timely notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier v.*

---

[2] *See Carranza v. U.S.*, 794 F.3d 237 (2015) (holding that a proposed § 2255 motion is not "second or successive" where it seeks only to reinstate his direct-appeal rights rather than challenge the legality of the sentence imposed).

*United States*, 402 F.3d 116, 118 (2d Cir. 2005). Movant had one year from the date judgment became final to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). It therefore appears that the motion was approximately six years late on July 16, 2020, when Movant gave it to prison officials for mailing.

Movant is directed to show cause within sixty days why this motion should not be denied as time-barred. Movant should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

Movant is directed to file a sworn declaration within sixty days of the date of this order showing cause why the motion should not be denied as time-barred.  If Movant fails to comply with this order, the motion will be denied as time-barred. No answer will be required at this time.

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 3, 2020
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge